UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20048

SEBASTIAN GONZALEZ,

    Plaintiff,

vs.

TCR SPORTS BROADCASTING
HOLDING LLP, d/b/a/ Mid-Atlantic Sports
Network; HYUNDAI MOTOR AMERICA,
INC.; MERCEDES-BENZ USA, LLC; and
JIFFY LUBE INTERNATIONAL, INC

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, TCR Sports Broadcasting Holding, LLP, d/b/a Mid-Atlantic Sports Network ("MASN"), by the undersigned, its attorneys, hereby removes to this Court the State-court action described below:

1.  Plaintiff sues under the federal Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  Removal is based on federal question jurisdiction, as clearly shown by the allegations on the face of the Complaint, and set forth more fully below.  28 U.S.C. §§1331, 1441.

2.  Removal is proper.  *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA…. It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

## THIS NOTICE OF REMOVAL IS TIMELY

3. On or about December 11, 2017, Plaintiff, Sebastian Gonzalez ("Plaintiff"), initiated *Gonzalez v. TCR Sports Broadcasting Holding, LLP, et al.,* No. 2017-028386-CA-44, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Date County, Florida.

4. MASN was served with process on December 20, 2017.

5. This Notice of Removal is timely filed within thirty days after service of the Summons and Complaint on MASN.  28 U.S.C. §1446(b)(1).

## ALL DEFENDANTS CONSENT TO THIS REMOVAL

6. Pursuant to 28 U.S.C. §1446(b)(2)(A), counsel for all other defendants (Mercedes-Benz USA, LLC ("MBUSA"), Jiffy Lube International, Inc. ("Jiffy Lube International"), and Hyundai Motor America, Inc. ("Hyundai")), consent to this removal.

7. Michael D. Berman, Esq., certifies that each of said other defendants has, through counsel, authorized the undersigned to make this representation to the Court in this Notice of Removal.

## FEDERAL QUESTION JURISDICTION

8. Plaintiff's Complaint is, on its face, brought pursuant to a federal statute, federal regulations, alleged federal common law, and alleged federal administrative rulings.

9. Federal-question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

10. "[T]he Court must look at the plaintiff's complaint at the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.,* 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013);

*accord Herman v. Hartford Life & Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).

11. In ¶¶1, 12, 14, 21-23, 42, 46-47, 72, 74, 76, 78-80, 82-85, *passim*, of his Complaint, Plaintiff attempts to state a claim under the TCPA.[1]

12. For example, and without limitation, Plaintiff's Complaint contains two alleged Counts, both of which are based solely on the alleged violation of federal law.

13. The first Count is captioned in part "VIOLATION OF THE TCPA (47 U.S.C. §227)…." Compl., page 20.

14. The second Count is captioned in part "KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA (47 U.S.C. §227)…." Compl., page 21.

15. Further, in ¶¶B and C of Plaintiff's request for relief, Plaintiff again alleges violation of the TCPA.

16. Additionally, Plaintiff's Complaint expressly relies on 47 U.S.C. §153(39), and Plaintiff alleges jurisdiction under, *inter alia*, 47 U.S.C. §227(b)(3). Compl., ¶¶2-6, and 9.

17. Plaintiff alleges violation of a federal TCPA regulation, 47 C.F.R. §64.1200, in ¶¶19, and 43-44 of his Complaint.

18. Plaintiff also alleges violation of "federal common law" in ¶20 of his Complaint.

19. Plaintiff relies on his interpretation of a 2013 Federal Communications Commission TCPA ruling in ¶¶21, 59(e), and 73(c), of his Complaint.

20. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

21. The TCPA, a federal statute, creates Plaintiff's alleged claim.

---

[1] MASN denies any and all liability. All rights are reserved.

22.     Plaintiff's TCPA claim arises under the laws of the United States within the meaning of 28 U.S.C. §1331.

23.     This Court has original jurisdiction pursuant to 28 U.S.C. §1331; *Mims,* 565 U.S. at 372.

24.     TCPA cases are removable. *Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) (citing *Mims*).

25.     Removal is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a).

26.     Sec. 1441(a) provides that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending."

27.     This Court is in the District embracing the 11th Judicial Circuit in and for Miami-Dade County.  That fact is judicially noticeable.  Fed. R. Evid. 201.[2]

28.     This case, cause, and action has been properly removed.

## COPIES OF ALL PROCESS AND PLEADINGS

29.      Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

30.     Exhibit A is a copy of the Complaint.

31.     Exhibit B is a copy of Plaintiff's First Request for Production of Documents to Defendant MASN.

---

[2] "The court may take judicial notice at any stage of the proceeding."  Fed. R. Evid. 201(d).  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

32. Exhibit C is a copy of Plaintiff's First Request for Production of Documents to Defendant Jiffy Lube.

33. Exhibit D is a copy of Plaintiff's Notice of Taking Subpoena *Duces Tecum* Without Deposition of Non-Party JPR General Contract Corp.

34. Exhibit E is a copy of the Objections of TCR Sports Broadcasting holding, LLP, to Notice of Taking Subpoena *Duces Tecum* Without Deposition of Non-Party JPR General Contract Corp.

35. Exhibit F is a copy of a Notice of Appearance of Counsel and Designation of Email Addresses.

36. Exhibit G is a copy of a Verified Motion for Admission to Appear Pro Hac Vice Pursuant to Florida Rule of Judicial Administration 2.510.

37. Exhibits H through K are Certificates of Service of Process on MASN, MBUSA, Hyundai, and Jiffy Lube International.

38. As of this date, Exhibits A through K are copies of all of the process and pleadings served upon MASN in this action. To MASN's knowledge, no orders have been issued.

## NOTICE FILING IN STATE COURT

39. Pursuant to 28 U.S.C. §1446(d), MASN will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in case *Gonzalez v. TCR Sports Broadcasting Holding, LLP, et al.,* No. 2017-028386-CA-01 in the form attached hereto as Exhibit L.

40. MASN has satisfied all of the requirements for removal of this action under 28 U.S.C. §1446 and all other applicable statutes and rules.

WHEREFORE, for all the foregoing reasons, this Court has, and Defendant respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Respectfully submitted,

RIFKIN WEINER LIVINGSTON, LLC
*Counsel for TCR Sports Broadcasting Holding LLP*
2002 Clipper Park Road, Suite 108
Baltimore, Maryland 21211,
Telephone: 410-206-5049
mberman@rwllaw.com.

By: /s/ Michael D. Berman
     Michael D. Berman
     Maryland CPF 8011010032
     D. Md. Bar No. 03010

*Pro Hac Vice Motion Pending*

GUNSTER
*Counsel for TCR Sports Broadcasting Holding LLP*
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
acortinas@gunster.com
jkaskel@gunster.com

By: /s/ Angel A. Cortiñas
     Angel A. Cortiñas: FBN: 797529
     Jonathan H Kaskel, FBN: 52718

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on January 5, 2018, I electronically filed the foregoing via CM/ECF, which will electronically send notice to all persons registered on that system. I also certify that a copy was transmitted to the following by first-class mail, postage prepaid, and by email:

**Frank Hedin, Esquire**
**David P. Milian, Esquire**
**Ruben Conitzer, Esquire**
CAREY RODRIGUEZ MILLIAN GONYA LLP
fhedin@careyrodriguez.com
dmilian@careyrodriguez.com
rconitzer@careyrodriguez.com
*Counsel for Plaintiff*