UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20048-GAYLES/OTAZO-REYES

SEBASTIAN GONZALEZ,

    Plaintiff,

v.

TCR SPORTS BROADCASTING
HOLDING, LLP, d/b/a/ Mid-Atlantic
Sports Network, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Remand [ECF No. 22] ("Motion"). The Court has reviewed the briefing, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On December 11, 2017, Plaintiff Sebastian Gonzalez ("Plaintiff") filed a two-count class action Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. In both counts, Plaintiff seeks statutory damages for alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Specifically, Plaintiff alleges that four defendants—TCR Sports Broadcasting Holding LLP, d/b/a Mid-Atlantic Sports Network ("MASN"), Hyundai Motor America, Inc. ("Hyundai"), Mercedes-Benz USA, LLC ("Mercedes"), and Jiffy Lube International, Inc. ("Jiffy Lube")—unlawfully transmitted advertising via text messages using an automatic telephone dialing system in the absence of express consent from the recipients.

MASN was served with process on December 20, 2017, and removed this action to federal court sixteen (16) days later, on January 5, 2018. In its notice of removal, MASN asserted that Hyundai, Mercedes, and Jiffy Lube had all consented to the removal. Also on January 5, 2018, Mercedes and Jiffy Lube filed notices of their consent to the removal. [ECF Nos. 4 & 5]. But Hyundai failed to file its notice of consent until January 25, 2018, thirty-five (35) days after MASN had been served. On January 26, 2018, Plaintiff moved to remand this action to state court.

## II.   APPLICABLE LAW

The statute governing removal, 28 U.S.C. § 1441, generally permits a defendant to remove a civil case filed in state court to federal court if the action could have been brought in federal court in the first instance. This includes actions where the federal court has federal-question jurisdiction under 28 U.S.C. § 1331. The procedure for removal is detailed in § 1446. Relevant here, a defendant wishing to remove a case must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" and that notice must "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* § 1446(b)(2)(B). Further, pursuant to the so-called "unanimity rule" in multi-defendant actions, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

The procedure for a motion to remand is governed by 28 U.S.C. § 1447(c), which mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Importantly, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.

1994).

## III. DISCUSSION

Plaintiff makes two arguments in support of its Motion. First, Plaintiff argues that MASN's notice of removal was untimely because Hyundai failed to file its notice of consent until after the 30-day period for removal had run. In at least one case, the Eleventh Circuit found a notice of removal "was both timely and technically accurate" where counsel for only one defendant had signed the notice because that counsel "had express permission to sign the notice of removal on" behalf of the other two defendants. *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011). But regardless of whether the notice itself was technically deficient, that deficiency was cured. The Eleventh Circuit has unequivocally held that "[a] technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015). Because all Defendants oppose the Motion, the Court declines to remand this action based on the alleged technical deficiency in the notice of removal.

Second, Plaintiff argues that MASN has failed to adequately allege a basis for this Court's jurisdiction. Plaintiff asserts that because § 1446(a) requires "a short and plain statement of the grounds for removal"—in other words, a short and plain statement of the basis for the Court's original jurisdiction—MASN was required to allege that Plaintiff has Article III standing. This is so, Plaintiff argues, because standing is a "threshold jurisdictional question." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quoting *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)). Plaintiff asserts that *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), compels this result. But the facts of *Dart Cherokee* belie the argument. In *Dart Cherokee*, defendants removed a class action from Kansas state court on the basis of jurisdiction under the Class Action Fairness Act ("CA-

FA"). Defendants' notice of removal in that case indicated that although the plaintiff had not specified an amount of damages in its state court complaint, defendants calculated the potential amount in controversy to be well above the $75,000.01 required for federal diversity jurisdiction. *See* Notice of Removal, *Owens v. Dart Cherokee Basin Operating Co., LLC*, No. 12-cv-04157 (D. Kan. 2012) (No. 1). The Supreme Court ultimately held in *Dart Cherokee* that defendants were not required to *prove* that amount in controversy at the outset, but rather needed only to make a "plausible allegation" in their notice of removal. *Dart Cherokee*, 135 S. Ct. at 554. Only upon a specific challenge to the amount-in-controversy allegation would defendants be required to offer proof. *Id.* Tellingly, nowhere in its notice of removal in *Dart Cherokee* did defendants address plaintiff's standing. *See* Notice of Removal, *Owens*, No. 12-cv-04157 (No. 1). In fact, defendants did not even allege in the notice that plaintiff actually owned any of the royalties at issue in that case. *Id. Dart Cherokee* stands only for the proposition that a defendant must make a plausible jurisdictional allegation—that is, a plausible allegation of either federal question jurisdiction or diversity jurisdiction—in its notice of removal. The claims in this action are entirely based on federal statute, and Defendant here plausibly alleged federal question jurisdiction in its notice of removal.

The Court notes that it may turn out that Plaintiff does not have standing to bring its TCPA claims in this Court. At that time, remand may be an appropriate remedy. *See* 28 U.S.C. § 1447(c) ("If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). However, the issue of Plaintiff's standing is a complex one and the Court is not prepared to rule on it in the absence of full briefing and argument in which the issue is squarely presented. Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. That is clearly not what the law requires.

4

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [ECF No. 22] is **DENIED**. Pursuant to the Amended Scheduling Order [ECF No. 51], Defendants shall respond to the Complaint within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of September, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE