UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:18-CV-20048-DPG**

SEBASTIAN GONZALEZ,

    *Plaintiff*,

  v.

TCR SPORTS BROADCASTING HOLDING, LLP d/b/a Mid-Atlantic Sports Network, HYUNDAI MOTOR AMERICA, INC., and MERCEDES-BENZ USA, LLC,

    *Defendants*.

_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER FOR CLASS SETTLEMENT DATA

WHEREAS, the parties (the "Parties") to the above-captioned case (the "Action") have settled this action;

WHEREAS, Defendant TCR Sports Broadcasting Holding, LLC d/b/a Mid-Atlantic Sports Network ("MASN") will be required in connection with the parties' settlement agreement to produce or divulge the personal information of certain customers, or other sensitive and/or confidential consumer information that is non-public and sensitive in nature ("Class Settlement Data");

WHEREAS, good cause exists for entry of this Stipulated Confidentiality and Protective Order ("Stipulation");

WHEREAS, the entry of this Stipulation will expedite the flow of Class Settlement Data, facilitate prompt resolution of the parties' settlement, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, promote fair and expeditious resolution of this litigation;

THEREFORE, IT IS HEREBY STIPULATED and ORDERED that:

1. This Stipulation shall govern the handling of all information, material, and documents relating to the Class Settlement Data.

2. As used herein:

   (a) "Producing Party" shall mean any Party and/or any non-party producing Class Settlement Data.

   (b) "Receiving Party" shall mean any Party and/or any non-party receiving Class Settlement Data.

3. Designation of Information as Confidential.  The Producing Party may designate as "Confidential" any Class Settlement Data that the Producing Party (or counsel) reasonably and in good faith believes to be confidential, including, but not limited to, the following documents and tangible things produced or otherwise exchanged: personal, financial, and/or other sensitive and/or confidential consumer information, or other information that is non-public and sensitive in nature. The protections conferred by this Stipulation cover not only Class Settlement Data designated as Confidential, but also (1) any information copied or extracted from Class Settlement Data material; (2) all copies, excerpts, summaries, or compilations of Class Settlement Data material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Class Settlement Data.  However, the protections conferred by this Stipulation do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.  A Party or non-party may designate Class Settlement Data as "Confidential" as follows:

   (a) Documents or other tangible Class Settlement Data may be designated by the Producing Party as "Confidential" by stamping or writing the word "Confidential" on the Class Settlement Data prior to the production of the documents or items.  For multiple page documents,

the designation of "Confidential" shall be made on the first page, but shall presumptively apply to all pages of such documents unless expressly provided otherwise by the Producing Party.

      (b)    In the case of electronically stored information or documents, the Producing Party may designate such materials as "Confidential" by specifically identifying what portions of such materials are being designated as "Confidential" by cover letter. Alternatively, if the materials are produced in such a manner that permits them to be stamped in some readily discernible way, then the Producing Party may stamp the material as "Confidential" prior to production.

      4.    <u>Disclosure of Confidential Information</u>. All Class Settlement Data shall be used only in connection with the Action. Class Settlement Data designated "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

      (a)    the Court and persons assisting the Court in this Action, including court reporters and stenographic or clerical personnel;

      (b)    the Parties' counsel, including in-house counsel, the employees of such counsel; and any persons employed or retained by such counsel for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

      (c)    the Parties, including their parent companies, affiliates and subsidiaries;

      (d)    the Claims Administrator, as that term is used in the parties' Class Action Settlement Agreement (ECF No. 76-1), and such Claims Administrator's employees;

      (e)    persons who were the authors or original recipients of such documents; and

(f) such other persons as hereafter may be designated by written agreement of all parties in this Action or by order of the Court.

5. <u>Disclosure to Class Administrator</u>.  Before any disclosure of Confidential Class Settlement Material or notes, extracts or summaries of such Confidential Class Settlement Material is made to the Class Administrator or its employees pursuant to paragraph 4(d), counsel for the Party that intends to make the disclosure shall procure the Class Administrator's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation.

6. <u>Use of Confidential Information</u>.  Nothing in this Stipulation shall prevent a party from any use of its own Class Settlement Material in any manner consistent with applicable law. Class Settlement Material shall not be used by the parties or by any other persons or entities for any business or other purpose unless agreed to in writing by all parties to this Action or as authorized by further order of the Court.  Persons to whom and entities to which Confidential information is furnished shall not disclose this Confidential information to any person not entitled under this Order to receive it.  These restrictions on the use of Confidential information are applicable only to the use of the recipients of another person's or entity's Confidential information. Confidential information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. <u>Documents Under Seal</u>.  Any Party intending to use in Court any Class Settlement Material marked "Confidential" or information contained in such Class Settlement Material shall follow the procedures set forth in the Local Rules of the Southern District of Florida and Section 5 of the Court's CM/ECF Administrative Procedures.

8. <u>Subpoenas</u>.  If a Party in possession of Class Settlement Material designated Confidential that was so designated by another Party or non-party receives a subpoena from a non-party seeking production or other disclosure of material designated Confidential, it shall promptly give written notice to counsel for the Producing Party (and, if the designating Party is not the same entity, the designating Party as well), identifying the Confidential material sought and enclosing a copy of the subpoena, and provide the Party and/or non-party that is being notified with a reasonable opportunity to object to the disclosure – where possible, at least ten (10) days' notice before production or other disclosure of the Confidential material.  In no event shall production or disclosure be made before notice is given.  If the party claiming confidentiality makes a motion to quash or modify the subpoena or order, then the party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion.  If no such motion is made, despite a reasonable opportunity to do so, the party, person or entity receiving the subpoena or order is entitled to comply with it.

9. <u>No Effect on Admissibility</u>.  Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.

10. <u>Amendments</u>.  The provisions of this Stipulation may be modified by agreement of the Parties, and this Stipulation is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

11. <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make such amendments to this Stipulation as the Court deems appropriate.  The provisions of this Stipulation regarding the use and/or disclosure of Confidential Class Settlement Material shall survive the termination of

this Action, and the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order.

12. <u>Written Notice</u>. Written notice provided under this Order shall be by email to all counsel of record for all parties and by any means designated by counsel for any non-parties or to the non-parties if they are unrepresented by counsel. If no designation is made by counsel for any non-parties or to the non-parties if they are unrepresented by counsel, email shall be deemed sufficient written notice under this Paragraph and this Stipulation.

SO ORDERED THIS ___ DAY OF _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
All counsel of record

**ACKNOWLEDGEMENT**

**Exhibit A to Stipulated Confidentiality and Protective Order**

I, _____, state the following:

1. I have read and understand the attached Confidentiality and Protective Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Confidentiality and Protective Order. I agree to be bound by the terms of the Confidentiality and Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2. I shall not use or disclose to others, except in accordance with the Confidentiality and Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Confidentiality and Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality and Protective Order.

Date:_____      _____