U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

APR - 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| **SEBASTIAN GONZALEZ**   * | |
| *Plaintiff*   * | |
| v.   * | Case 1:18-cv-20048-DPG |
| **TCR SPORTS BROADCASTING**   * | |
| **HOLDING, LLP d/b/a Mid-Atlantic** | |
| **Sports Network,**   * | |
| **HYUNDAI MOTOR AMERICA, INC.** | |
| **and MERCEDES-BENZ USA, LLC**   * | |
| *Defendants*   * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CLASS MEMBER MICHAEL C. WORSHAM'S
### MOTION TO EXTEND TIME TO OPT-OUT OF THE CLASS
### AND
### MOTION FOR RULING ON NON-CLASS CLAIMS AGAINST MASN

Class member Michael C. Worsham moves to extend the time to opt out of the proposed class action settlement from April 16, 2019 to July 15, 2019, and moves for a ruling confirming that his putative non-class claims will <u>not</u> be included or released as part of the class settlement.

The April 16, 2019 deadline is unreasonably short, and Worsham needs more time, and the settlement agreement language is broad and potentially ambiguous, such that Worsham needs Court confirmation that his putative claims for text messages from MASN that are different from the text messages that this class action are based on will not be included in the settlement and thereby be considered as settled or released.

Worsham states in support of these Motions that:

### Motion to Extend Time to Opt Out (request exclusion) from the Class

1. On March 22, 2019 Worsham received an email from the Settlement Administrator from info@MASNTextMessageSettlement.com with the Notification about the settlement, which was the first time that Worsham had heard anything about this class action.

2. Worsham was able over the weekend to briefly look through some of the documents provided in the link provided in the Notification, including the original 23 page Complaint filed in Miami-Dade County on December 11, 2017, the 60 page Class Action Settlement Agreement (Exhibit A), the 12 page February 14, 2019 "Order Certifying Class and Preliminarily Approving Class Action Settlement", and the Claim forms.

3. Worsham also looked into his text message history, and found that since June 5, 2015, he has received several text messages from MASN that advertised other sellers different from the seller Defendants in the instant suit, including the Greene Turtle restaurant, the Outback restaurant, CareFirst, MileOne auto group, UMUC, and others.

4. Worsham needs more time than the unusually short time - less than one month since he just received class Notification days ago - than what the April 16, 2019 deadline gives him to decide whether to opt out of the class settlement, or to submit a Claim Form, in order to reasonably read and review the relevant Court documents, including not just those provided at the class notice website, and to evaluate his potential claims that are separate from the class, as well as to receive a ruling on his companion motion herein requesting a ruling that the Settlement Agreement language will not include his potential non-class claims against MASN and the other different sellers as being settled or released.

5. An extension of time for one class member will not have any appreciable or adverse effect on the class settlement administration, or prevent that administration, and it is very unlikely that other persons will also make a similar request for an extension of time.

**Motion for Ruling on Non-class Claims Against MASN and Other Sellers**

6. Worsham has had only had a few days over a weekend to look at the settlement documents, but did see on pg. 9, ¶ 1.25 the very lengthy definition of "**Released Claims.**"

7. This definition is either overly broad, or, ambiguous, regarding whether Worsham's potential claims against MASN and other advertisers and sellers different from the two seller Defendants included in this class action (Hyundai and Mercedes-Benz) will be released if he chooses to submit a Claim Form by the July 15, 2019 deadline.

8. While the release definition language appears to be related to only the claims that the instant suit is based on, the "**Released Claims**" definition is broad and ambiguous enough to also include any claim related to "the alleged sending [of] text messages to the Settlement Class Members, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties."[1]

9. Additionally, the proposed settlement also releases "**Unknown Claims**" which are defined broadly in ¶ 1.33 of the Settlement Agreement as "claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement."

10. It is hard to understand how Worsham's potential non-class claims against different sellers or MASN could have been brought in this action, since procedures generally don't exist for a single individual member in a class of tens or hundreds of thousands of persons, and who is not the class representative, to bring their own distinct and individual claims against non-parties (*i.e.* Green Turtle restaurant, Outback restaurant etc.) or even separate individual claims against a party (*i.e.* MASN), so it would <u>appear</u> that

---

[1] The word "of" is missing in paragraph 1.25 of the Settlement Agreement which defines "**Released Claims**".

3

Worsham's separate potential claims are not covered by the release, but he can not be certain, and needs clarification and confirmation from the Court.

11. The Court should resolve this actual or potential ambiguity in the settlement release language now, for both Worsham and any other class members.

12. Worsham asks as relief that the Court rule by Order that any claims against MASN, or against other sellers or advertisers different from Hyundai and Mercedes-Benz, are <u>not</u> released in this class action settlement.

13. Worsham also asks that the Court instruct the parties to amend the definitions in the settlement language to incorporate and reflect the relief sought herein regarding the scope of the settlement's release of claims.

WHEREFORE the Court should grant the two Motions herein, and extend the deadline until July 15, 2019 for Worsham to decide whether to opt out of this class settlement, and should order that non-class claims against MASN and/or different sellers and advertisers are not released.

Respectfully submitted,
/s/ *Michael C. Worsham*
Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050-2210
410-692-2749
michael @ magicmichael.net

## CERTIFICATE OF SERVICE

On March 26, 2019 a copy of this document was emailed to:
David P. Milian, dmilian@careyrodriguez.com, Ruben Conitzer, rconitzer@careyrodriguez.com
Robert J. Herrington, herringtonr@gtlaw.com, and Ian M. Ross, rossi@gtlaw.com,
and sent by U.S. mail to:
(1) Carey Rodriguez Milian Gonya, LLP, 1395 Brickell Avenue, Suite 700, Miami, FL, 33131, and (2) Greenberg Taurig, P.A., 333 Southeast 2nd Avenue, Suite 4400, Miami, Florida 33131.

/s/ *Michael C. Worsham*
Michael C. Worsham

4

BALTIMORE MD 212

25 MAR 2019 PM 5 L

Clerk
U.S. Courthouse
400 North Miami Avenue
Room 8 N09
Miami, FL 33128

33128—77659

Mr. Michael Worsham
1916 Cosner Rd.
Forest Hill, MD 21050-2210